**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sandra J. Hope, | CV 12-00297-PHX-FJM |
| Plaintiff, | **ORDER** |
| vs. | |
| U.S. Bank NA, as successor in interest to Bank of America NA; JPMorgan Chase Bank NA; California Reconveyance Company; Deborah Brignac; John Doe Brignac, | |
| Defendants. | |

The court has before it plaintiff's motion for remand (titled "objection to removal to federal court") (doc. 10) and defendants California Reconveyance Company ("CRC"), JPMorgan Chase, and U.S. Bank's response and motion for leave to amend the notice of removal (doc. 11). Plaintiff did not reply, and the time for replying has expired. We also have defendants CRC, JPMorgan Chase, and U.S. Bank's motion to dismiss (doc. 15), which defendant Brignac joined (doc. 16). Plaintiff did not respond, and the time for responding has expired.

**I**

In 2006, plaintiff refinanced her Arizona home by executing a Deed of Trust for $536,800. Plaintiff initiated this action in the Superior Court of Arizona in Maricopa County, challenging defendants' non-judicial foreclosure of her home. The complaint alleges

claims for (1) declaratory judgment; (2) breach of contract; (3) fraud; and (4) wrongful foreclosure.

**II**

Plaintiff moves for remand to state court, arguing that defendants have offered no proof of their own citizenship or proved that the amount in controversy exceeds $75,000. Thus, plaintiff argues defendants have not met their burden to prove that diversity jurisdiction is proper.

Diversity jurisdiction exists when there is complete diversity between plaintiff and defendants and the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332(a). It is undisputed that plaintiff is a citizen of Arizona. Defendants allege that JPMorgan Chase is a national banking association with its main office in Ohio, and that U.S. Bank (successor in interest to Bank of America) is a national banking association with its main office in Ohio.[1] A national banking association is a citizen of the state where its main office is located. Wachovia Bank, N.A. v. Schmidt, 546 U.S. 303, 318, 126 S. Ct. 941, 952 (2006). Thus, JPMorgan Chase and U.S. Bank are citizens of Ohio. Next, defendants allege that CRC is a corporation incorporated in California with its principal place of business in California. Thus, CRC is a citizen of California. 28 U.S.C. § 1332(c)(1). Finally, defendants allege that Deborah Brignac resides in and is a citizen of California. Because no defendant is a citizen of Arizona, complete diversity exists.

Plaintiff alleges that the entity defendants are actually incorporated in Delaware. But even if this were true, there would still be complete diversity between the parties. Plaintiff also complains that defendants did not offer evidence that proves the citizenship of each defendant. However, nothing in the removal statute requires defendants to submit evidence in conjunction with their notice of removal. See 28 U.S.C. § 1446(a) (requiring a party to

---

[1] Defendants note that they mistakenly listed U.S. Bank's headquarters as Minnesota in the notice of removal (doc. 1). They clarify that U.S. Bank is actually headquartered in Ohio, and move for leave to amend their notice of removal. Plaintiff did not respond. Accordingly, we grant the motion to amend the notice of removal. See LRCiv 7.2(i).

- 2 -

sign the notice of removal pursuant to Rule 11, Fed. R. Civ. P. and include "a short and plain statement of the grounds for removal").

Next, plaintiff argues that defendants have not shown by a preponderance of the evidence that the amount in controversy exceeds $75,000. She states that she did not ask for a specific amount of damages in the complaint, and does not yet know the amount. Part of the relief plaintiff seeks, however, is a declaratory judgment that defendants cannot proceed with a non-judicial foreclosure of her home. If granted, this would prevent defendants from foreclosing on a property that they aver is currently worth $222,000 and for which plaintiff has a principal loan balance of $536,785.03. Plaintiff has not claimed otherwise. Thus, the value of the object of this litigation - plaintiff's home - easily exceeds $75,000. See Cohn v. Petsmart, Inc., 281 F.3d 837, 840 (9th Cir. 2002) (noting that it is "well established that the amount in controversy is measured by the value of the object of the litigation") (citation omitted); see also Schultz v. BAC Home Loans Servicing, LP, CV-11-00558-PHX-NVW, 2011 WL 1771679, at *1-2 (D. Ariz. May 10, 2011) (amount in controversy met when plaintiff challenged foreclosure on a property valued at $128,800 with an outstanding principal loan balance of almost $300,000). Accordingly, we have diversity jurisdiction over this action and removal was proper.

### III

Defendants move to dismiss plaintiff's complaint in its entirety for failure to state a claim. Because plaintiff failed to respond to the motion, we construe the lack of a response as a concession and grant the motion summarily. See LRCiv 7.2(i) ("if the unrepresented party. . . does not serve and file the required answering memoranda. . . such non-compliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily").

### IV

**IT IS ORDERED DENYING** plaintiff's objection to removal to federal court (doc. 10). **IT IS ORDERED GRANTING** defendants CRC, JPMorgan Chase, and U.S. Bank's motion for leave to amend the notice of removal (doc. 11). **IT IS FURTHER ORDERED**

1  **GRANTING** defendants CRC, JPMorgan Chase, and U.S. Bank's motion to dismiss (doc.
2  15).  The action is dismissed against all defendants.
3      The Clerk shall enter judgment.
4      DATED this 16th day of April, 2012.

                                */s/ Frederick J. Martone*
                                Frederick J. Martone
                                United States District Judge